FRANCES A. BRISBIN *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Middlesex.    December 8, 1910. — January 6, 1911.

Present: KNOWLTON, C. J., MORTON, LORING, SHELDON, & RUGG, JJ.

*Negligence*, Street railway, Elevated railway.

In an action against an elevated railway company, which operated and maintained an elevated station and also street railway lines and caused certain street railway cars to enter the station at the elevated level, for injuries received by a woman who in attempting to enter a surface car on the elevated level stepped into a space between the platform and the entrance step of the car, there was evidence tending to show that the defendant had made provision for two closed surface cars to enter the station upon a certain track, discharge their passengers by their front doors, and receive new passengers by their rear doors, that the platform furnished by the defendant was ample for the accommodation of two such cars, but that beyond the point where the rear of the second car properly would stand, the platform terminated with a curved end having a radius of about twenty-four inches; that the car which the plaintiff attempted to enter did not stop at the place provided for it but did stop with its rear step, which was about thirty-six inches long, so placed that only about eight inches of the forward part of it was opposite the straight edge of the platform and the platform curved away from the rest of the step with the curve above described. There also was evidence tending to show that the plaintiff was familiar with the station and

the customs as to its use, and that she noticed that the car in question had not come up to its regular stopping place, that when she attempted to enter the car she was preceded by a crowd who entered safely, and that owing to the compactness of the crowd she did not look down and did not know of the position of the step. It was not clear whether she stepped off the end of the platform or between the curving part of the platform and the step of the car. *Held,* that there was evidence for the jury of due care on the part of the plaintiff, and also of negligence on the part of the defendant in failing to bring the car wholly along side of the straight portion of the platform before the passengers were allowed to enter.

TORT for injuries received by the plaintiff at the Sullivan Square station of the defendant in Boston from stepping off the platform between it and the step of a surface car on the elevated structure which she was attempting to enter. Writ dated February 25, 1908.

In the Superior Court the case was tried before *Sherman,* J. At the close of the plaintiff's evidence the defendant rested and asked that a verdict be ordered for the defendant. The trial judge stated that he was of the opinion that there was evidence for the jury on the questions involved in the case. At the suggestion of the judge, however, a verdict for the defendant was ordered subject to an exception by the plaintiff, the parties agreeing that if the plaintiff's exception was sustained judgment should be entered for the plaintiff in the sum of $500.

*L. S. Thierry,* for the plaintiff.

*H. D. McLellan,* for the defendant.

RUGG, J. The plaintiff was rightfully in the upper level of the Sullivan Square station of the defendant awaiting one of its cars bound for Medford Hillside. This car arrived and departed on the same track, the rear of the car as it came in being the front as it went out. The platform, alongside which this car came, was of ample length as a stand for two cars without either being opposite its curve. It was straight, except that its outward end was the arc of a circle, whose radius was twenty-three and one fourth inches. It was therefore forty-six and one half inches wide as it began to grow narrower. The custom of the defendant was to receive passengers into a car at this platform by the rear door as it came in. The place was light, and the plaintiff was one of a considerable number waiting. She was familiar with the station and the customs as to its use. As the Medford Hillside car came into the station, instead of moving

along the platform far enough so that its entire length, including its rear step, would be opposite the straight part of the platform, it stopped so that of the rear step (which was about three or three and one half feet in length) only about eight inches was opposite the straight part of the platform.   The result was that only eight inches of the car-step was adjacent to the station platform, and for its remaining two feet or more the platform curved away regularly from substantially nothing to twenty-three and one fourth inches, and its extreme end was at or near the end of the step.   According to the custom of the defendant, passengers were expected to board the car when it had come to a stop in this position.   The plaintiff noticed that the car did not come up to its proper place, but she went to it immediately and tried to get on, and fell off the platform and received injury, to recover for which this action is brought.   The plaintiff testified that there was "quite a crowd in front" of her, and that "there were people ahead of me, of course, so that I could not see the platform," and that she was not thinking of the end of the platform at all and did not look down to observe her footing, and "was aiming to get into the car," and to the question, "If you had looked down could you have seen that there was a place there that you would fall off" answered, "If I had tried to peek around through the crowd I might possibly have seen it."   The station was in the control of the defendant, both as to construction and management.   It might have been found to be negligent in failing to bring its car wholly along side its platform as usual where access would be without danger.

Although the question of the plaintiff's due care is close, we incline to the opinion that it was for the jury.   The evidence appears open to the construction that while the plaintiff was walking upon a platform less than four feet wide toward the car in the ordinary way with a crowd, which prevented her convenient view of the platform, and which may have somewhat impelled her movement involuntarily, and was in the act of getting toward the car door, she suddenly found herself over the edge of the platform at or near its end.   It is not certain from the evidence whether she fell off the end of the platform or ir the space between it and the car, which for some distance may have been found to have been eighteen inches or more in width.

Her eyes might have been found to be fixed on the car door all the time until the fall. By an unusual and negligent act of the defendant, the place where the plaintiff must go was perilously near the end of the platform, and the distance from the platform to the car step, which should have been and usually was uniform and reasonably short, was increased for a large part of its width so much as to require observation to avoid risk of injury. Yet people in front of her appeared to be passing in safety into the car. Commonly no particular circumspection was required. These circumstances may have been found to relieve the plaintiff of the obligation to exercise the closest scrutiny, and to warrant a finding that the reasonable conduct of an ordinarily prudent person did not require her so to look as to discover the danger. This case falls within the rule laid down in *Plummer* v. *Boston Elevated Railway,* 198 Mass. 499, at 508 and 509. *Anshen* v. *Boston, Elevated Railway,* 205 Mass. 32.

In accordance with agreement of the parties let the entry be

*Judgment for the plaintiff in the sum of $500.*