HENRY KINSLEY *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Middlesex.   March 28, 1911. — June 30, 1911.

Present: KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & RUGG, JJ.

*Negligence,* In use of highway, Street railway.

At the trial of an action against a street railway company, there was evidence tending to show that the plaintiff, while a passenger upon a vestibuled car of the defendant upon a street where there were double tracks, and as he was about to alight therefrom, looked ahead through the vestibule, but could not determine whether a car was approaching on the other track because his view was "troubled" by the vestibule, that thereupon he alighted, stepped a "foot or so" from the car and looked forward, but that, because of the position of the car from which he had alighted, he could see no car approaching; that thereupon he passed around behind the car from which he had alighted, and, as he reached its farther side, looked thirty or forty feet up the other track and saw no car coming, that a man passed across the track just before him and showed no "signs of an approaching car," that thereupon the plaintiff "assumed that it was safe for him to cross" the other track and did so, and, when he reached the middle of the track, was struck by a car which was coming from his right past the car which he had just left at the rate of twenty-five miles an hour and upon which no warning gong had been sounded. *Held*, that the questions, whether the plaintiff was in the exercise of due care and whether the motorman was negligent, were for the jury.

TORT for personal injuries caused by the plaintiff being run into by a street car of the defendant on Galen Street in Newton

as he was crossing the street after having alighted from and having passed around the rear of another car.    Writ dated March 16, 1909.

In the Superior Court the case was tried before *Wait*, J.    At the close of the evidence a verdict was ordered for the defendant; and the plaintiff alleged exceptions.

The facts are stated in the opinion.

*H. C. Long*, for the plaintiff.

*H. D. McLellan*, for the defendant.

RUGG, J.    The plaintiff's testimony was that, while a passenger inside a car of the defendant and approaching his destination, he looked forward, but his view was "troubled" by the vestibule so that he could not determine as to the approach of a car.    He then got off the car, and, to quote the exceptions, "faced forward just after he stepped off the car about a foot or so from the edge of the step and looked forward . . . and was unable to see any car from that direction because the car from which he had alighted obstructed the view and he heard no car. He turned around and passed behind the car and just as he arrived at the left hand rear corner of the car he gave a glance up the track some thirty or forty feet and did not see any car and heard none, though he knew that cars were accustomed to run from the direction in which he looked.    Mr. Johnson was about four feet ahead of him, and Mr. Johnson did not show any signs of an approaching car. . . . He assumed then it was safe for him to cross and he did so.    He did not look any more after passing the corner of the car."    As he was in the middle of the tracks he was struck by an on-coming car and injured.    There was evidence tending to show that the speed of the moving car was twenty-five miles per hour, which did not slacken until after the accident, and that no gong was sounded.

This is not a case where a pedestrian crossing a street close behind a stationary car emerges upon a parallel track without taking any heed to see whether another car may be coming. The plaintiff had looked before, both while in the car and on alighting, under conditions which as the event proved did not give him much if any information, but he testified that on reaching the corner of the car he had left he looked up the track thirty

or forty feet and saw no car.   This was evidence of some care. Nor is this a case where the conclusion from known facts is irresistible, no matter what the oral testifying may be, either that the plaintiff failed to look at all or looked negligently under circumstances where reasonable care demanded observation. There was testimony that the on-coming car was going at the rate of twenty-five miles an hour.   If so, it might have covered the distance of forty feet in the time required by the plaintiff to go from the place where he looked to the point where he was struck.   Hence it may have been found that he did look a distance of forty feet up the track without seeing the car.   Therefore the principle of cases like *Fitzgerald* v. *Boston Elevated Railway*, 194 Mass. 242, and *Haynes* v. *Boston Elevated Railway*, 204 Mass. 249, is not applicable.   There was evidence that the plaintiff was following in the steps of another man walking four feet in front, who gave no indication by his manner or voice that a car was approaching.   The conduct of others travelling in company under similar conditions has been held often to be material as bearing upon the due care of children (*Beale* v. *Old Colony Street Railway*, 196 Mass. 119, 124, and cases cited), and, while of less weight in the case of adults, is entitled to consideration.   *Plummer* v. *Boston Elevated Railway*, 198 Mass. 499, 508.  *Anshen* v. *Boston Elevated Railway*, 205 Mass. 32. *Brisbin* v. *Boston Elevated Railway*, 207 Mass. 553, 556.   As has been repeated many times, all travellers have equal rights upon the street, and, except in respects not here significant, those in control of street cars stand upon the same footing as others, and each when in the exercise of care may trust to a certain extent to others exercising some care to avoid collision.   We cannot say as matter of law that this plaintiff may not have been found to have been reasonably prudent in view of the distance he actually looked in the direction from which the car came, and the extent of reliance he might place upon the conduct of the man just in front of him, and the fact that he heard no gong or noise of an approaching car.

A speed of twenty-five miles an hour while passing a car standing at a regular stopping place for the discharge of passengers without diminution of speed or giving any warning of approach might have been found to be negligent on the part of

the defendant's motorman in charge of the car which injured the plaintiff. *Hatch* v. *Boston & Northern Street Railway*, 205 Mass. 410.

*Exceptions sustained.*