GUST JOHNSON v. JOHN A. JOHNSON.[1]

June 15, 1917.

Nos. 20,296—(100).

**Motor vehicle — duty when passing street car discharging passengers.**

    1. The driver of an automobile in passing a street car on the side opposite the car gates, which car has stopped at the regular place to receive and discharge passengers, is bound to anticipate the probable sudden appearance of persons around the rear end of the car, and must give signals of his approach and have his automobile under control, as precautionary measures to avoid injury to them.

**Same — excessive speed — questions of negligence for jury.**

    2. Evidence tending to show that defendant, without signal, drove

[1]Reported in 163 N. W. 160.

his automobile at a high rate of speed by and close to a standing street car, from which passengers were alighting, striking and injuring plaintiff as he stepped from behind the car, *held* properly submitted to the jury upon the issue of defendant's negligence.

**Same — Contributory negligence.**

3. The verdict exonerating plaintiff from the charge of contributory negligence is sustained by the evidence.

Action in the district court of Hennepin county to recover $5,000 for injuries sustained through collision with an automobile driven by defendant. The answer set up negligence on the part of plaintiff. The case was tried before Fish, J., who when plaintiff rested denied defendant's motion to dismiss the action, and a jury which returned a verdict for $2,000. From an order denying his motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Thomas C. Daggett,* for appellant.

*Larrabee, Davies & Olson,* for respondent.

BROWN, C. J.

Action for personal injuries claimed to have been suffered by plaintiff by reason of the alleged negligence of defendant. Plaintiff had a verdict and defendant appealed from an order denying a new trial.

The assignments of error present the question whether the evidence is sufficient to justify a finding of negligence on the part of defendant and to exonerate plaintiff from the charge of contributory negligence. An examination of the record leads to an affirmative answer to the question.

The record presents evidence from which the jury might find the following facts: Plaintiff had alighted from a street car at the corner of Washington avenue and First street south in Minneapolis, a populous part of the city where there is much street car and other traffic, on the early morning of December 21, 1915, and as he passed around the rear end of the car was struck and injured by an automobile operated by defendant. There is no dispute as to the time, the place or manner of plaintiff's injury, though there is a controversy in the evidence upon other points. The street car made what is known as a "near side stop," and plaintiff passed around the rear end of the car intending to cross

the street.   He testified that he listened for an approaching car upon
the adjoining parallel street car track, which he would have to cross
to reach his intended destination, and that, as he stepped from the rear
of the car to look in the direction from which a car or other vehicle
might be approaching, he was struck by the automobile, which was
running without signal upon the adjoining car track and close to the
standing street car from which he had just alighted.   The testimony
of a policeman who saw the automobile coming down the street just
prior to the accident was that it was running in the center of the street,
partly upon the street car track, and at about 15 miles an hour.   He
heard no signal as it approached the standing street car.   He did not
witness the accident, nor did he know just where the car was at the
time it struck plaintiff, though immediately thereafter it was between
the street car track and the sidewalk, while plaintiff lay in the space
between the two street car tracks.   Defendant testified that he had
slowed down his automobile before reaching the street car, and at the
time of the accident was not running beyond 8 or 10 miles an hour.   He
denied that he passed close to the street car, and testified that the auto-
mobile was astride the outer rail of the car track, which would leave a
space between the automobile and the car of about 6 or more feet.   He
further testified that, as he approached the street car, plaintiff sudden-
ly ran out from behind the same, and though defendant made every effort
to prevent striking him was unable to do so.   That he made this effort
is clear, for when his car was stopped it was between the car tracks and
the street curb.   In this state of the evidence the questions presented
were for the jury.   The court below approved the verdict, and that con-
clusion is not clearly or manifestly against the evidence.

The law applicable to the facts, as necessarily found by the jury, is
clear.   Defendant as he approached the standing street car, at the
regular stopping place, was bound to have his automobile under con-
trol, and give the usual signals of approach, in anticipation of the proba-
ble sudden appearance of persons passing around the rear end of the
street car.   The case is no different from what it would have been had
plaintiff been struck and injured by a street car, approaching without
warning at a high rate of speed upon the adjoining track, and from the
direction in which defendant came with his automobile.   In such a

case the questions of negligence and contributory negligence have been held, upon evidence not substantially different from that here presented, properly submitted to the jury. Fonda v. St. Paul City R. Co. 71 Minn. 438, 74 N. W. 166, 70 Am. St. 341; Bremer v. St. Paul City R. Co. 107 Minn. 326, 120 N. W. 382, 21 L.R.A. (N.S.) 887. See also upon the issue' of contributory negligence, Day v. Duluth Street Ry. Co. 121 Minn. 445, 141 N. W. 795. That view of the law, as applied to automobiles being operated at a high rate of speed close to a standing street car which had stopped to discharge passengers, is sustained by the authorities. Kauffman v. Nelson, 225 Pa. St. 174, 175, 73 Atl. 1105; Minor v. Mapes, 102 Ark. 351, 144 S. W. 219, 39 L.R.A.(N.S.) 214; Marsh v. Boyden, 33 R. I. 519, 82 Atl. 393, 40 L.R.A.(N.S.) 582; and citations collected in note to Baker v. Close, 38 L.R.A.(N.S.) at page 493. We therefore hold that the questions of negligence and contributory negligence were properly submitted to the jury, and the evidence sustains the verdict.

Order affirmed.