WALTER C. GIBB *vs*. EVERETT V. HARDWICK.

Norfolk.   March 20, 1922. — June 19, 1922.

Present: RUGG, C.J., BRALEY, DE COURCY, CROSBY, & JENNEY, JJ.

*Negligence*, Contributory, In use of highway.

At the trial of an action of tort for personal injuries received when the plaintiff, after alighting from a street car, was passing around behind it and across the street and was struck by an automobile driven by the defendant, the plaintiff testified that when he got off the car he looked down the right hand side of the road; that the defendant's automobile was not coming from that side; that he did not look to the left; that as he got off the car it was coming to a stop, and stopped as he got about half way back; that he walked to the end and just stepped out at the end and as he stepped out he saw the automobile on top of him; that as he came around the back of the car he heard no horn; that as he was looking to the right around the street car, he was looking to see what was coming down the other side; that the automobile approached from his right coming down the other rail on the street railway track; that it was pretty close to the street car when it went by; that he had just taken one step outside of the street car before he was struck; that he was struck on the left side of his head by the mirror on the side of the automobile; that there was nothing to prevent his seeing the defendant's automobile coming as he got off the street car; that "before he got out free and clear of the electric car side there wasn't any chance to see anything coming in the tracks; that he could have seen a little; that he couldn't have seen much more than half way down the side of the electric car;" that he saw the automobile when he first looked and it was then not more than three feet away from him; that he did not see it when it was half the length of the car away and that there was nothing in the way to obstruct his view. There was also evidence that snow was piled upon both sides of the car tracks and that automobiles and sleighs were travelling on the tracks. While the defendant testified that he was travelling very slowly, there was other testimony that he was going at the rate of twenty miles an hour. A verdict was entered for the defendant by order of the judge. *Held*, that as a matter of law the plaintiff's own lack of reasonable care contributed to his injury, and that the verdict for the defendant properly was ordered.

TORT for personal injuries received when the plaintiff, after he had alighted from a street car and was passing around behind it

to cross the street, was struck by an automobile driven by the defendant. Writ dated September 20, 1916.

In the Superior Court, the action was tried before *Morton,* J. Material evidence is described in the opinion. At the close of the evidence, the judge ordered a verdict for the defendant "on the ground that the plaintiff was not, as a matter of law, in the exercise of due care;" and the plaintiff alleged exceptions.

The case was submitted on briefs.

*C. J. McGilvray & S. M. Whalen,* for the plaintiff.

*F. G. Katzman,* for the defendant.

CROSBY, J. The plaintiff, after alighting from a street car on Hancock Street in the city of Quincy, went to the rear of the car, started to cross the adjoining track and was struck by the defendant's automobile travelling in the opposite direction from that of the street car.

The plaintiff testified that when he got off the car he looked down the right hand side of the road; that the defendant's automobile was not coming from that side; that he did not look to the left; that as he got off the car it was coming to a stop, and stopped as he got about half way back; that he walked to the end and "just stepped out at the end and as he stepped out he saw the automobile on top of him . . .; that as he came around the back of the car he heard no horn; . . . that as he was looking to the right around the street car he was looking to see what was coming down the other side; that the automobile approached from his right coming down the other rail" on the street railway track; "that it was pretty close to the street car when it went by . . . that he had just taken one step outside of the . . . before he was struck;" that he was struck on the left side of his head by the mirror on the side of the automobile. He further testified that there was nothing to prevent his seeing the defendant's automobile coming as he got off the street car; that "before he got out free and clear of the electric car side there wasn't any chance to see anything coming in the tracks; that he could have seen a little; that he couldn't have seen much more than half way down the side of the electric car . . .; that he looked; that he saw the automobile when he first looked and it was then not more than three feet away from him;" that he did not see it when it was half the length of the car away and that there was nothing in

the way to obstruct his view. There was also evidence that snow was piled upon both sides of the car tracks and that automobiles and sleighs were travelling on the tracks. While the defendant testified that he was travelling very slowly, there was other testimony that he was going at the rate of twenty miles an hour.

The important question is whether the plaintiff was in the exercise of due care. He is presumed to have exercised such care, and contributory negligence on his part is an affirmative defence to be pleaded and proved by the defendant. St. 1914, c. 553. Under the statute if on all the evidence it appears that the plaintiff's carelessness contributed to his injury, he cannot recover.

We are of opinion that on the evidence most favorable to the plaintiff the rational inference to be drawn is that his own lack of reasonable care contributed to his injury and that a verdict was rightly directed for the defendant on that ground.

We are unable to distinguish in principle the present case from that of *Kennedy* v. *Worcester Consolidated Street Railway*, 210 Mass. 132, where the facts are similar: the plaintiff's intestate went to the rear of a car from which he had alighted, and attempted to cross the tracks; he was struck almost immediately after stepping upon the further track by a car going in the opposite direction from that of the one he had just left; there was evidence that just before alighting he looked up the street to see whether a car was coming and saw none; that he did not look again after passing behind the car but stepped on the track and was struck. In the present case the plaintiff knew that automobiles were running on the tracks on account of the snow; and while he says he looked to the right as he got to the corner of the car next to the adjoining track, he also says that although there was nothing to obstruct his view he could see only half the distance of the car. As there was nothing to obstruct his view, the conclusion is inevitable that his failure to see the approaching automobile sooner and in time to avoid being struck was due to carelessness on his part. *Donovan* v. *Lynn & Boston Railroad*, 185 Mass. 533, 534, 535. *Haynes* v. *Boston Elevated Railway*, 204 Mass. 249.

*Emery* v. *Boston Elevated Railway*, 218 Mass. 255, and *Kinsley* v. *Boston Elevated Railway*, 209 Mass. 467, much relied on by the plaintiff, are distinguishable in their facts from those in the case

at bar. In the former, the plaintiff, who was crossing a street railway track from behind a street car from which she had just alighted, having in mind the rule of the company requiring that a gong be sounded by the motorman of a car passing one that is stationary, stopped and listened; and hearing no gong she took one step forward and was struck by a car running at an excessive rate of speed. It was held that she could not be said as matter of law to have been negligent.

In the case at bar the plaintiff did not listen for a signal of the approach of an automobile or car; and if he looked, no reason appears why he should not have seen the defendant's machine. His testimony that he did not hear any horn is merely negative and of no value as evidence that it was not sounded, as it does not appear that he was paying any attention for the purpose of hearing. *Menard* v. *Boston & Maine Railroad,* 150 Mass. 386, 387. *Slattery* v. *New York, New Haven & Hartford Railroad,* 203 Mass. 453, 457.

The plaintiff in *Kinsley* v. *Boston Elevated Railway, supra,* alighted from a car and passed behind it; when he arrived at the corner nearest to the adjoining track he glanced up the track and saw no car and heard none; and he was following another man walking four feet in front who did not indicate that a car was approaching. Manifestly these facts distinguish that case from the one under consideration.

While the question is not free from difficulty, we are of opinion that the verdict for the defendant was rightly ordered.

*Exceptions overruled.*