ALBERTA N. DAY, Pro Ami *vs.* RALPH L. CUNNINGHAM.

Penobscot.    Opinion June 30, 1926.

*The duties of a motorist approaching the rear of a stationary street car are regulated by statute. If the car has to stop to land or take on passengers, he must bring it (automobile) to a full stop.*

*But when the automobile is approaching to meet a street car, the statute does not purport to apply. In such case the mutual rights and duties of the parties depend upon the common law.*

*By the common law the motorist and pedestrian must each exercise due care. But the due care rule demands of the motorist greater vigilance than is required of a pedestrian. The care to be exercised by the motorist must be commensurate with the danger arising from lack of it.*

No man has a right to operate an automobile through a street blindfolded. When his vision is temporarily destroyed (as by a glaring light) it is his duty to stop his car.

A pedestrian about to cross a street or pass from a street car to the curbstone is not, as a matter of law, bound to look and listen. But if the road is a city or village street, having considerable automobile traffic, failure to look for approaching vehicles may be strong evidence of negligence.

A pedestrian does his full duty if, before crossing a street, he or she looks for approaching cars and waits until it reasonably appears that a prompt crossing can be safely affected, if approaching automobiles are lawfully controlled. Failure to anticipate negligence on the part of the driver of a motor vehicle does not render the pedestrian negligent as a matter of law.

The law does not expect of a child an adult's caution. But it does require of children that degree of care which ordinarily prudent children of their age and experience are accustomed to use under similar circumstances. A child of eight years accompanied by her mother cannot ordinarily be charged with contributory negligence, though she fails to look for approaching automobiles, if the mother assumes to direct, and does direct, the child where and when to cross the street.

In the instant case the jury were justified in finding (1) that the defendant was negligent, because when blinded by a glaring light he did not stop his car, nor attempt to do so, but merely put the car in neutral, and because he failed to exercise that degree of care required of a motorist in passing a stationary street car; (2) that the child who was injured was not guilty of contributory negligence, because in attempting to cross the street, she acted under her mother's immediate direction, and (3) that the mother was not guilty of contributory negligence, because before directing her child to make the crossing, she waited until it reasonably appeared that the street could be safely crossed, if approaching automobiles were lawfully controlled.

On motion by defendant for a new trial. An action to recover damages sustained by plaintiff, a minor eight years of age, by being knocked down and injured by an automobile driven by defendant. The case was tried to a jury and a verdict of $383.33 was rendered for plaintiff, and defendant filed a general motion for a new trial. Motion overruled.

The case fully appears in the opinion.

*William Cole*, for plaintiff.

*George E. Thompson and Ross St. Germain*, for defendant.

SITTING: WILSON, C. J., PHILBROOK, DUNN, DEASY, STURGIS, BARNES, JJ.

DEASY, J. Automobile Accident Case. Time of accident: Nov. 26, 1924 at about 5:30 P. M. Place: South Main St., Brewer. The plaintiff has a verdict. The defendant presents a general motion for new trial.

Just before the happening of the accident Mrs. Lena Day with her three children, Alberta, the plaintiff, eight years old, a boy of

six and a babe in arms, alighted from the forward right hand door of a South bound trolley car. Having to reach the Eastern side of the street the little group waited until the street car had started and gone by them and then passing its rear and walking toward the Eastern curb, Alberta, the plaintiff, was knocked down and injured by a north bound automobile driven by the defendant.

The duties of a motorist approaching the rear of a stationary street car and desiring to pass it are, in part, at least, regulated by statute. Act of 1921, Chap. 211, Sec. 9. He is required to "bring it (the automobile) to a full stop."

But when, as in the instant case, the automobile is approaching to meet a street car the statute does not purport to apply. In such case the mutual rights and duties of the parties depend upon the common law.

By the common law the motorist and pedestrian must each exercise due care. Huddy on Automobiles 6th Ed., Sec. 414.

But the due care rule demands of the motorist greater vigilance than is required of the pedestrian.

The care to be exercised by him who drives an automobile upon the public streets must be "commensurate with the danger to be avoided," (*Savoy* v. *McLeod*, 111 Maine, 235), "correspond with the capacity to injure," (*Weidner* v. *Otter*, 171 Ky., 167, 188 S. W., 335), be "commensurate with the danger arising from lack of it," (*Aiken* v. *Metcalf*, 90 Vt., 196, 97 Atl., 669).

The jury was warranted in finding the defendant negligent. According to his own testimony, "The light was blinding me." Thereupon he put the car in neutral and allowed it to run by its own momentum 13 to 15 miles an hour i. e. 19 to 21 feet per second until almost the instant of the impact when, seeing the little girl, he applied his emergency brake and reverse gear thus stopping his machine in three car lengths from the point of collision.

There was evidence introduced by the defendant tending to show that he "saw them (the plaintiff and her companions) get off and saw them crossing the street."

This the defendant denies. But his own testimony is sufficient to justify the finding of negligence. The jury may have reasoned that the defendant should have applied his brake when he became blinded by the street car's glaring headlight, without waiting until

he saw the plaintiff (to quote his language) "right out in front of my radiator" when it was too late to save her. Such reasoning was not erroneous.

"It is the duty of a driver of an automobile to stop his car when for any reason he cannot see where he is going." *Buddenburg* v. *Kavanagh*, 17 Ohio App., 252.

"No man is entitled to operate an automobile through a public street, blindfolded. When his vision is temporarily destroyed (by a glaring light) it is his duty to stop his car." *Hammond* v. *Morrison*, (N. J.), 100 Atl., 154. *Osbun* v. *De Young*, (N. J.), 122 Atl., 809.

For another reason the jury were justified in charging the defendant with negligence. Independently of the statute, which does not apply in the pending case, the law requires increased care on the part of the motorist in passing a street car which has stopped to take in or land passengers. Huddy 6th Ed., Sec. 423. Due care is care that is "commensurate with the danger to be avoided." *Savoy* v. *McLeod*, supra.

"Not only must he expect passengers on the side of the car from which they alight, but he must anticipate that some passengers may pass behind the car to the other side" Huddy 6th Ed., 423. *Johnson* v. *Johnson*, 137 Minn., 198; 163 N. W., 160; *McMonagle* v. *Simpers*, (Penn.), 110 Atl., 83.

The defendant in his testimony evinced perfect familiarity with the statutory rule which applies only when the automobile and street car are headed the same way. (Act of 1921, Chap. 211, Sec. 9), but both by language and conduct he seemed oblivious of any duty to persons circumstanced as was the plaintiff.

Nor is the defense of contributory negligence established. A pedestrian about to cross a road or, as in the present case, to walk from a street car to the sidewalk, is not as a matter of law bound to look and listen. *Shaw* v. *Bolton*, 122 Maine, 234. But if the road is a city or village street having considerable automobile traffic, failure to look for approaching vehicles may be strong evidence of negligence. Huddy 6th Ed., Sec. 549.

There is indeed no evidence that the plaintiff herself looked up or down the street either before or after starting. But she was only eight years old. She was accompanied by her mother who directed her movements. When her mother told her to go she went toward the sidewalk.

The law does not expect of a child an. adult's caution. But it does require of children, even of the plaintiff's age that degree of care "which ordinarily prudent children of their age and experience are accustomed to use under similar circumstances." *Crosby* v. *R. R. Co.*, 113 Maine, 274; *Moran* v. *Smith*, 114 Maine, 55; *Colomb* v. *Railway*, 100 Maine, 420; *Levesque*, v. *Dumont*, 116 Maine, 25. Huddy 6th Ed., 478.

An ordinarily prudent child of eight years if unaccompanied, by a parent or other custodian · would probably, before crossing a city or village street, look for approaching automobiles. This, children · are taught to do in homes and schools. But. the jury may well · have found that an ordinarily prudent and intelligent child of eight years, accompanying her mother, would confidently rely upon her mother's judgment and unhesitatingly follow her · mother's directions as to the place and time of crossing streets. If the jury so found they committed no error of law. The defendant is not entitled to a new trial by reason of any contributory negligence of the plaintiff herself.

But it is urged that Mrs. Day the mother of the plaintiff failed to exercise due care and that her negligence is imputable to her daughter. If the plaintiff had been a child of very tender years incapable of exercising any degree of care, the doctrine of imputed negligence would apply. Huddy 6th Ed., 480.

We hold that it also applies in case of children old enough and of sufficient intelligence to exercise some degree of care, if such children are accompanied by a parent who directs their movements.

It therefore becomes necessary to consider whether the case discloses due care on the part of Mrs. Day.

As to her care Mrs. Day testified thus: "We stood where we were until the (trolley) car pulled its length by . . . . . I stopped and looked in both directions so as to be sure the street was clear . . . . . When I saw the street was clear I told her to go, she and her brother."

The jury apparently believed this testimony. If true it establishes Mrs. Day's due care. It is said that she did not look, else she would have seen the defendant's machine which must have been near. The obvious answer, the answer that must have satisfied the jury, is that when she gave the word "Go," the receding street car was still between her and the defendant's automobile.

When Mrs. Day said in her testimony, "I saw the street was clear" she did not mean that the whole of South Main Street was free from traffic. This would have been much more than the law required of her. She did her full duty if, before starting her little procession, she waited until it reasonably appeared that a prompt crossing could be safely effected if approaching automobiles were lawfully controlled. *Marden* v. *Railway*, 100 Maine, 41; *Wetzler* v. *Gould*, 119 Maine, 276. She had the right to assume that approaching motorists would obey the law.

"His (a pedestrian's) failure to anticipate negligence on the part of the driver of a motor vehicle does not render him negligent as a matter of law." Huddy on Automobiles 6th Ed., Sec. 471 and cases cited.

"The passenger may pass around the rear of the street car and attempt to cross the street on the left side of the car, and he may assume that automobilists will exercise reasonable care to avoid a collision with him." Huddy 6th Ed., Sec. 475; *Sternfield* v. *Willison*, 161 N. Y. S., 472; *Frary* v. *Taxicab Co.* (Mich.), 198 N. W., 897.

In many cases wherein motorists have been held liable for injuries to street car passengers, crossing to or from the curb, the evidence of care on the part of the passenger has been no better or stronger than in the present case.

See *Wetzler* v. *Gould*, 119 Maine 276, *Arseneau* v. *Sweet*, 106 Minn., 257, 119 N. W. 46, *Ouellette* v. *Machine Works*, 157 Wis., 531, 147 N. W., 1014, *Mann* v. *Scott*, 180 Cal., 550, 182 Pac. 281, *Frary* v. *Taxicab Co.* (Mich.), 198 N. W., 897, *Braun* v. *Bell* (Mass.), 142 N. E., 93. *Moss* v. *Koetter*, (Tex.), 249 S. W., 259.

The jury found that the defendant's negligence was the sole cause of the accident. The verdict must stand.

*Motion overruled.*