## BERTHA WEYHE v. MINNEAPOLIS STREET RAILWAY COMPANY.[1]

January 10, 1930.

Nos. 27,570, 27,895.

[1]Reported in 228 N. W. 754.

*Weikert, Lohmann & Wilford* and *David Lundeen,* for appellant.
*R. T. Boardman & J. F. Dulebohn,* for respondent.

OLSEN, C.

Plaintiff brought the action to recover damages for personal injuries claimed to have been caused by negligence on the part of the defendant in the operation of one of its street cars in the city of Minneapolis. She recovered a verdict. On defendant's alternative motion for judgment notwithstanding the verdict or for a new trial, the court vacated the verdict and ordered judgment in favor of defendant on the ground that the evidence showed as a matter of law that plaintiff was guilty of contributory negligence. Plaintiff appeals from the judgment entered on this order.

The only question here presented is whether the trial court erred in holding that plaintiff was guilty of contributory negligence as a matter of law.

Lake street in the city of Minneapolis runs east and west. There are the ordinary double street car tracks on this street. Cars on the southerly track run east towards St. Paul; those on the northerly track run west towards the business section of Minneapolis. Fourteenth avenue south crosses Lake street at right angles. Plaintiff was on the north side of Lake street and was attempting to cross over to the south side thereof at a place at least a street car length west of the intersection of the two streets. She intended to board a street car going east on the southerly track, which car had then stopped or was about to stop just west of Fourteenth avenue to let off and take on passengers. She started across the street, and while on or crossing the northerly track was struck and injured by a street car coming west on that track. The accident happened in February, 1928, about 10 o'clock in the evening. The street lights were on, and the headlight and car lights on the street car were burning. There were no adverse weather conditions and the visibility was good. Plaintiff testified that she stopped on the walk or curb to let an automobile going west pass; that she saw no

other traffic on the street; that she was about 70 years of age at the time of the accident; that her hearing and eyesight were good; that it was light and she could see; that she could see at least half a block either way; that she looked both ways, as she always did, and saw no street car or vehicles approaching, except the street car on the other side of the street which she intended to take; that she was sure the track was clear and started across because she was sure the street was clear; that she did not see or hear the street car which struck her; that the street car stopped almost instantly and she was not run over, but was knocked down and came under or partly under the fender of the car.

The testimony of the motorman on the street car is that in approaching Fourteenth avenue from the east he slowed down practically to a stop; that he then started up again and had attained a speed of eight or ten miles an hour when he first saw plaintiff start to cross the street; that he applied the brakes and had practically stopped when the fender of the car struck plaintiff, and the car then stopped. His testimony so far stated is not disputed.

That at the time plaintiff started to cross the street this street car was approaching within plain view and that plaintiff stepped upon the track in front of a street car then approaching her and in plain view within a few feet is apparent. It is urged that there were distracting circumstances, but she testifies that there were none, unless it could be held that the standing street car across the street, which she intended to take, was such a circumstance. No danger could be apprehended from that source. She does not testify to any anxiety or hurry but testifies only that she walked across the street. Her age is commented on, but she claimed no impairment of faculties on that account.

■ The rule here is that a plaintiff cannot be held guilty of contributory negligence as a matter of law unless the clear and undisputed evidence on that issue is such that reasonable minds can arrive at no other conclusion. Klare v. Peterson, 161 Minn. 16, 200 N. W. 817; Aubin v. Duluth St. Ry. Co. 169 Minn. 342, 211 N. W. 580; Coffman v. Kummer, 179 Minn. 120, 228 N. W. 751.

■ We conclude that the record here is such as to show by clear and undisputed evidence that plaintiff was guilty of contributory negligence.

The case of Peterson v. Minneapolis St. Ry. Co. 90 Minn. 52, 95 N. W. 751, distinguishes the prior case of Russell v. Minneapolis St. Ry. Co. 83 Minn. 304, 86 N. W. 346, from the Peterson case on the ground that there were distracting circumstances in the latter case not found in the Russell case. The Russell case is not overruled, and the dissenting opinion reviews that case more fully than the main opinion.

O'Brien v. St. Paul City Ry. Co. 98 Minn. 205, 108 N. W. 805; Sorenson v. Sanderson, 176 Minn. 299, 223 N. W. 145; and De Haan v. Wolff, 178 Minn. 426, 227 N. W. 350, are later cases treating of the question.

That the evidence made it a question of fact whether the motorman was also negligent does not absolve the plaintiff from negligence. The issue of the motorman's negligence is not before us.

Judgment affirmed.

[1] Reported in 228 N. W. 614.