RUBY AND RAZ HEFLIN v. OSCAR H. SWENSON.[1]

September 26, 1930.

Nos. 28,122, 28,123.

*Samuel A. Anderson* and *John D. Greathouse*, for appellants.
*Sullivan, Neumeier & Nolan*, for respondent.

HOLT, J.

Plaintiff had a verdict. Defendant moved in the alternative for judgment notwithstanding or a new trial. From the order granting defendant judgment notwithstanding the verdict, plaintiff appeals.

A motor truck owned and driven by defendant came in contact with plaintiff in the afternoon of May 22, last year, causing injuries for which she obtained the verdict. The action was based upon defendant's alleged negligent operation of the truck. The answer contained a general denial and the affirmative defense of plaintiff's contributory negligence. The defense last mentioned was submitted to the jury and by it found not proved; but the learned trial court on considering defendant's motion for judgment non obstante concluded that plaintiff's contributory negligence appeared as a matter of law. Whether this conclusion is warranted by the

[1] Reported in 232 N. W. 265.

record is the only question involved on this appeal, since defendant's attorneys frankly concede that the jury's finding of his negligence is supported by the evidence.

Plaintiff was injured under these circumstances: Concord street runs in a southerly direction from the city of St. Paul to South St. Paul. The street is paved, the roadway being about 40 feet in width. In the center are double tracks of the street railway company. Brown avenue crosses Concord nearly at right angles. Plaintiff was a passenger on a southbound street car and signaled to be let off at Brown avenue, the usual stop being made after crossing the avenue. Plaintiff's home was to the east of Concord street; and as she, carrying two packages in her arms, stepped off at the rear gate, she turned east to pass behind the rear end of the street car. She estimates she took from two to four steps out from the east side line of the car when she was confronted with defendant's truck coming at the rate of 25 to 30 miles an hour, driven straddling the east rail of the easterly or northbound street car track. She attempted to stop or retrace her last step, but was struck in her right side by the overhang of the cattle rack on the truck and thrown so that the left rear wheel passed over her legs.

The cattle rack is just back of the driver's cab and about eight feet from the front bumper. The inside width of the rack is seven and one-half feet, so that the outside width would be about eight feet. There is no evidence as to the space between the inside rails of the street car tracks, but common observation indicates that a person cannot stand safely between two passing street cars because of the overhang. It is therefore apparent that when defendant drove straddling the outside rail of the northbound track, there were very few feet between the rack and the standing street car. As defendant approached and passed the street car no warning by horn or otherwise was given, nor was speed slackened until the impact with plaintiff. Plaintiff admitted that had she stopped and peered around the corner of the car or stopped when in line with the east side thereof she could have discovered the truck and saved herself from being struck. She however claims, and is corroborated by another witness, that she looked south as she came out from behind

the street car and saw the truck but not in time to step back before being caught by the rack. There is evidence that there is a slight bend in Concord at Brown so that the driver of the car that followed the truck some 75 feet behind could plainly see what part of the truck struck plaintiff.

Plaintiff's conduct must be judged in part by what she had a right to expect the conduct to be of drivers of vehicles coming from the direction defendant was coming. Until she had information by the ordinary use of her senses that defendant was approaching in a reckless or negligent manner, she could assume that he would use ordinary care and observe the law in traveling over the street. Concord in the vicinity of Brown avenue was a closely built district where such a speed as defendant maintained would be considered as prima facie negligence, hence not to be expected. She was on an intersection or crossing where she as a pedestrian had the right of way over motor vehicles approaching such crossing. L. 1927, p. 563, c. 412, § 18(c), 1 Mason, 1927, § 2720-18(c). A woman's two to four steps do not cover many feet; nor does her taking a step require but a fraction of a second; nor can one in the act of taking a step forward instantly check the momentum of the body. When these several factors combine with a speed of the oncoming truck of about 36 feet per second, it seems to us that the problem of plaintiff's contributory negligence becomes one of fact and not one of law. Thirteen years ago this court so held in a case presenting facts so similar as not to be distinguished in legal effect from those disclosed by this record. Johnson v. Johnson, 137 Minn. 198, 163 N. W. 160. The speed of the oncoming automobile was there less than in the instant case, and it might have been driven a foot or two closer to the standing street car than was defendant's truck. But plaintiff in the case at bar is in fact in a more favorable position than the plaintiff in the case cited, for she was on the part of the street where the pedestrian had the right of way over vehicles, whereas in the Johnson case the street car had made a "near side stop" so that the person injured was the length of the street car from the cross-walk when struck.

Respondent cites and relies on Weyhe v. Minneapolis St. Ry. Co. 179 Minn. 172, 228 N. W. 754, and other crossing cases. But we do not stop to differentiate them from the instant case, because we consider Johnson v. Johnson, 137 Minn. 198, 163 N. W. 160, so much like it on the facts that the legal conclusion here must follow the one there arrived at. Respondent also cites Jones v. Florios, 248 Mich. 153, 226 N. W. 852, where the plaintiff stepped from a bus which stopped in the middle of a block and attempted to pass in front of the bus to the opposite side of the street but was struck by an automobile passing in the same direction as the bus was headed; and the court held that he was guilty of contributory negligence as a matter of law. It does not appear whether it was customary for the bus to stop where it did, and the plaintiff there was certainly not on a cross-walk where the law gave him the right of way.

We have found two cases from other jurisdictions that tend to support the ruling of the court below. Gibb v. Hardwick, 241 Mass. 546, 135 N. E. 868; Di Stephano v. Smith (R. I.) 102 A. 817. The only distinguishing feature between those and the one at bar is that the plaintiff in the instant case attempted to look, whereas in the two cited the plaintiffs made no effort to ascertain whether it was safe to cross at the moment the crossing was attempted. In the Massachusetts case the plaintiff knew that traffic was using the track he attempted to cross, since that was the only part cleared of snowdrifts. But whether these cases can be distinguished or not from the one at bar, we think the latter is governed by the conclusion in Johnson v. Johnson, 137 Minn. 198, 163 N. W. 160, and we are not inclined to depart from the position there taken.

This cause of Ruby Heflin was tried with that of her husband, Raz Heflin, and separate verdicts were rendered and separate motions for judgment non obstante or a new trial were made. The orders appealed from were heard together. The disposition of the case of the husband must follow that of his wife's case.

The orders granting judgment non obstante veredicto are reversed, and the causes are remanded for further proceedings.