## ELSA HEIKKINEN v. WILLIAM CASHEN.[1]

March 27, 1931.

No. 28,372.

*Mitchell, Gillette & Carmichael* and *W. O. Bissonett,* for appellant.

*M. E. Louisell,* for respondent.

WILSON, C. J.

Defendant appealed from an order denying his alternative motion for judgment non obstante or a new trial.

[1]Reported in 235 N. W. 879.

Main street in Bovey runs east and west and is paved. The distance between curbs is 56 feet 8 inches. It is part of trunk highway No. 35. Cars 'park at the curb at an angle of about 45 degrees. On Saturday evening, April 26, 1930, at about 8:30 o'clock defendant was driving his automobile easterly on the south side of Main street. Plaintiff's decedent was standing on the left-hand side of an automobile, talking to the occupants thereof, parked on the south side of the street some 20 to 40 feet west of an intersection with Fourth avenue, and at a point just about opposite the Shell Oil Station located on the northerly side of Main street. So standing he was facing to the southwest. He turned to his right and started across the street, not at a cross-walk, to go to friends at the oil station. As he was doing this the front end or a portion of the right-hand side of defendant's car came in contact with him, he fell to the pavement about 15 feet from the south curb, and suffered injuries resulting in his death.

■ Defendant saw decedent before the collision; he did not blow his horn; and he claims he could have stopped his car within a distance of two feet. There is evidence tending to show that he was driving at an unlawful rate of speed (25 to 30 miles per hour, the statute making it prima facie unreasonable to exceed 15 miles per hour in the closely built up portion of a municipality); that he went a block or more after the accident before stopping; and that defendant failed to keep a proper lookout. Defendant's negligence was for the jury.

■ The accident happened at night, the street lights were on, the headlights on defendant's car were burning. Decedent's face, as he turned from facing to the southwest to go north across the street, was towards defendant's approaching car. How much the automobile he was leaving obstructed his view is conjectural. No witness assumes to state that decedent did not look to the west toward the approaching car. One witness at the oil station said she saw him coming across the street from the time he started to the time of the accident, but that she did not "notice" that he looked either way. He would not need to turn his head much to the west to

realize that a car with lights was approaching. It would be difficult for the particular witness or any other to observe in the nighttime, even though the streets were lighted, just how much decedent looked either way. He may have seen the approaching car and he may have easily misjudged its distance. He may also have supposed that it was approaching at a legal speed, and it may be that had it been doing so he would have had time to cross ahead of it. If the car was traveling at a speed of 30 miles per hour it moved 44 feet per second. Speed may have been an important factor in the accident. The presumption is that decedent exercised due care for his own safety. This involved looking.

This presumption and all the circumstances, many of which tend to lead toward different conclusions, and the inferences which are permissible, present and involve a pure question of fact, the determination of which was for the jury. It is only in the clearest of cases when the facts are undisputed and it is plain that all reasonable men can draw but one conclusion from them that the question of contributory negligence becomes one of law. Aubin v. Duluth St. Ry. Co. 169 Minn. 342, 211 N. W. 580; Saunders v. Yellow Cab Corp. 182 Minn. 62, 233 N. W. 599; Heflin v. Swenson, 181 Minn. 277, 232 N. W. 265; Schmitt v. Jackson, 174 Minn. 577, 219 N. W. 912; Hollander v. Dietrich, 181 Minn. 376, 232 N. W. 630; Shotts v. Standard Oil Co. 181 Minn. 386, 232 N. W. 712; Peterson v. Miller, 182 Minn. 532, 235 N. W. 15. The fact that decedent was not on a cross-walk does not in itself constitute contributory negligence as a matter of law. Bruce v. Cohn, 172 Minn. 386, 215 N. W. 520; Kinnonen v. Adolphson, 173 Minn. 138, 216 N. W. 605.

█ The court charged the jury as follows:

"We have a statute in this state with reference to pedestrians crossing highways, and I will read it to you: 'The driver of any vehicle upon a highway where the same passes through the closely built up portions or residence portions of any municipality shall yield the right of way to a pedestrian crossing such highway within any clearly marked cross-walk or any regular pedestrian crossing included in the prolongation of the lateral boundary lines of the

adjacent sidewalk at the end of a block, except at intersections where the movement of traffic is being regulated by traffic officers or traffic control devices. Every pedestrian crossing a highway within a business or residence district at any point other than a pedestrian crossing, cross-walk or intersection shall yield the right of way to vehicles upon the highway.'

"It appears from the evidence in this case that this accident occurred not at a pedestrian crossing but some distance—you will remember the evidence—some distance from such regular crossing for pedestrians.

"The statute says that under such circumstances the pedestrians shall yield the right of way to automobiles. In other words, that the automobile driver has what is known as the statutory right of way; but that does not mean that he must not still exercise reasonable care with reference to pedestrians. Mr. Heikkinen was not necessarily negligent in crossing the street at a place other than a regular intersection. He was required to exercise ordinary care in his movements; that is, the same degree of care that an ordinarily prudent person would use under the same circumstances. He was required to exercise ordinary care in his movements. So was the driver of the automobile. Neither of them had an absolute right of way. Each owed a duty to the other to exercise reasonable care to avoid injury."

Appellant assigns the last paragraph of the foregoing quotation as error. When considered with the preceding portion of the charge, we think the instruction is without error. We are of the opinion that the charge correctly stated the law. It is suggested that the sentence "neither of them had an absolute right of way" is erroneous. We are of the opinion that the sentence is not inconsistent with the statute quoted. The fact that one must yield to the other does not mean that the other does not owe any duty to the one. Nor does the one who has the statutory right of way have an "absolute right of way" in the sense that he owes no duty to the other.

Affirmed.