WILLIAM F. MURRAY v. CARL JACOBSON AND. ANOTHER.[1]

July 12, 1935.

No. 30,405.

[1]Reported in 262 N. W. 152.

154

*Wieland & Sullivan,* for appellant Carl Jacobson.

*Conrad Olson,* for appellant Northern Pacific Railway Company.

*Ryan, Ryan & Ryan,* for respondent.

STONE, JUSTICE.

In this personal injury case there was a verdict for plaintiff, and defendants appeal from the judgment.

Plaintiff was injured January 10, 1934, by an automobile driven by defendant Jacobson while in the employ of his codefendant, Northern Pacific Railway Company. For convenience, we shall discuss the case as though Jacobson were the only defendant, the railway company not being liable unless Jacobson is also.

Sixth street in Brainerd runs north and south. Willow street joins it from the east and ends there. The westerly curb of Sixth is continuous across the end of Willow. At about two o'clock p. m. plaintiff was riding on the right front seat of a sedan driven by his son Ralph. Their destination was in the neighborhood, but they were not quite sure how to reach it. Passing southward on Sixth at the end of Willow, they observed a Mr. Bailey on the east side of Sixth approaching Willow from the north. Plaintiff recognized him as an acquaintance. Desiring to get from him directions to aid in reaching his destination, plaintiff caused his son to stop the car, which had then crossed or nearly crossed Willow street, and to back it so that it would be opposite the northeast corner of Sixth and Willow, where Bailey was standing. That done, the car was parked close to the westerly curb of Sixth street just north of its intersection with the northerly line of Willow extended.

Plaintiff immediately alighted through the right-hand door of the sedan, walked around in front, stepped out into the street, and was run into by Jacobson's car coming from the north, which he did not see until the moment he was hit. He did not look to the north before stepping from in front of the car from which he had just

alighted. He testified that before leaving his seat he had looked through the rear window of the car, some 18 inches wide, and had seen nothing coming from the north. As he stepped from in front of his own car he was walking briskly. There was clear vision northward from where plaintiff was struck for at least two blocks. There was no other traffic and nothing to distract plaintiff's attention. He was struck either by the right end of the bumper, the right fender, or the right parking light on defendant's car. The parking light was on the cowl. Bailey, standing just across Sixth street at the time, saw all that occurred and is emphatic that it was the parking light which first hit plaintiff. But we assume that the evidence would have justified the jury in believing either that he was struck by the right end of the bumper or the right fender. Certain it is that he had not gotten in front of defendant's car, which traveled some 157 feet before it was stopped on the more or less icy pavement.

He was thrown, not forward or under the car, but laterally and to the right of it, and not very far. He was no more than seven feet from his own car when struck and was projected backward only far enough to leave him on the pavement to the left front thereof. Defendant's car, after coming to a stop, was immediately backed to where plaintiff lay on the pavement, getting there very speedily and taking him thence to a doctor's office.

Defendant's testimonial estimate of his speed was from 20 to 22 miles per hour. Plaintiff's son Ralph, upon more than usually scant opportunity for observation, puts it at 50 miles per hour. That estimate is out of line with all the other testimony and many physical facts not in dispute. But yet we do not fail to consider it in reaching our decision.

Assuming that, as far as the verdict rests upon a finding of negligence on the part of defendant, it is beyond successful attack, we must yet hold that contributory negligence appears as a matter of law. It is too plain for argument that if, just before stepping from in front of the parked sedan, plaintiff had looked to the north, he would have seen the approaching car driven by defendant. Hence the conclusion is compelled either that plaintiff did not look

when looking would have helped, or that if he did it was such an inattentive glance as not to have served any useful purpose.

It does not avoid that conclusion that both he and his son testified that before plaintiff got out of his car they both peered backward to see if anything was approaching from the north. That precaution, taken so long before plaintiff put himself in the position of danger, is not enough to meet the requirements of ordinary care. Even lawful speeds of automobiles are such that caution exercised so long before obviously dangerous factors combine in casualty is not enough. The time to look and make sure that the way is safe is just before the danger, if any, is to be encountered. Here plaintiff not only got out of his automobile after he looked, but also "stepped right out on" an accumulation of snow on the boulevard and covering the curb and walked around the west side of a lamppost near the sidewalk line before he turned back to attempt crossing in front of the car.

Plaintiff invokes 1 Mason Minn. St. 1927, § 2720-18(c), which provides:

"The driver of any vehicle upon a highway where the same passes through the closely built up portions or residence portions of any municipality shall yield the right of way to a pedestrian crossing such highway within any clearly marked crosswalk or any regular pedestrian crossing included in the prolongation of the lateral boundary lines of the adjacent sidewalk at the end of a block, * * *."

We assume that the jury was justified in deciding that defendant had violated this statute and was therefore negligent. Mechler v. McMahon, 184 Minn. 476, 239 N. W. 605. But that does not absolve plaintiff from contributory negligence. It was still his duty to exercise reasonable care for his own safety. This he failed to do. The risk was great. Plaintiff should at least have taken the obviously needed precaution of looking attentively before attempting to cross the highway even though he did have the right of way. He had to traverse first the lane used by traffic coming from the north. His own testimony is that he looked only to the south at the time he started to cross.

The case is close, but that does not relieve us from the duty of disposing of it as matter of law if we are of the opinion, as we are, that it falls on that side of the line. Without attempting to review all the cases, we mention some that are relevant. Cheadle v. James, 181 Minn. 41, 231 N. W. 242, did not involve any right of way contention. But the plaintiff was held guilty of contributory negligence as matter of law. He alighted from a truck parked on a highway just in time to be struck by defendant's car. His negligence was considered obvious because, if he had looked at all, he could not have failed to see defendant's car in time to avoid it. Possession of the right of way does not give the possessor the right to ignore all precautions for his own safety. Even a pedestrian is required to "exercise ordinary care in his movements." Heikkinen v. Cashen, 183 Minn. 146, 149, 235 N. W. 879, 880. That was a death case where decedent, a pedestrian, attempted to cross a street where there was no regular crossing. Defendant autoist had the right of way. But the trial judge charged, and it was approved here, that that did not give him an "absolute right of way" or relieve him from the duty to exercise reasonable care to avoid injuring decedent. The plaintiff had the benefit of the presumption that decedent was free from contributory negligence. The court considered that [183 Minn. 148] "he may have seen the approaching car and he may have easily misjudged its distance." Here plaintiff made no effort at the time when such effort was required as matter of due care, to "see" defendant's car. If plaintitff had been driving an automobile and had come onto the intersection with the same absence of precaution as appears so indisputably now, he would have been guilty of contributory negligence under the rule of such cases as Sorenson v. Sanderson, 176 Minn. 299, 223 N. W. 145, and DeHaan v. Wolff, 178 Minn. 426, 227 N. W. 350. Repeating the thought of the latter case and assuming as we did there that defendant came on at an unlawful speed, yet plaintiff did not know it because he did not see defendant until the moment of impact. If he had seen and misjudged, it might be otherwise. In Heflin v. Swenson, 181 Minn. 277, 232 N. W. 265, following Johnson v. Johnson, 137 Minn. 198, 163 N. W. 160, plaintiff was struck

158

by the overhang of defendant's truck just as she had alighted from the rear end of a streetcar and was attempting to cross behind it. Noting the contrary result reached in the similar cases of Gibb v. Hardwick, 241 Mass. 546, 135 N. E. 868, and Di Stephano v. Smith, (R. I.) 102 A. 817, we distinguished them as far as possible upon the ground that the plaintiff in the Heflin case [181 Minn. 280] "attempted to look, whereas in the two cited the plaintiffs made no effort to ascertain whether it was safe to cross at the moment the crossing was attempted." Equally here, plaintiff admittedly made no such effort "at the moment the crossing was attempted." In Schmitt v. Jackson, 174 Minn. 577, 579, 219 N. W. 912, 913, we found a fact issue as to "whether plaintiff looked before he began to cross the roadway and whether defendant's car was then within sight." In the instant case both of those issues the record itself decides against plaintiff as matter of law. Even if it were going at 50 miles an hour, which is highly improbable, defendant's car would have been directly in the line of plaintiff's vision if he had looked to the north during at least eight and probably more seconds before he stepped from in front of his own car into the line of the southbound traffic.

Even if defendant had observed plaintiff alighting from his parked sedan, plaintiff's first movement over the curb away from it was no indication that he was about to turn back and attempt to cross to the other side of Sixth street in front of his own car. Were it otherwise, the right to assume exercise of due care by the other was as much that of defendant as it was of plaintiff. Defendant had the right to assume that no adult in the possession of his senses would step from in front of a parked car as did plaintiff without any precaution to avoid southbound traffic, which normally would pass close to the parked sedan.

In Saunders v. Yellow Cab Corp. 182 Minn. 62, 233 N. W. 599, the accident occurred in rather dense traffic, and there was enough evidence to support a jury's finding that plaintiff, a pedestrian, was exercising due care for his own safety. Kinnonen v. Adolphson, 173 Minn. 138, 216 N. W. 605, is another case where the plaintiff did look and did see the approaching machine and simply mis-

judged its speed. That applies also to Rimmer v. Cohen, 172 Minn. 134, 215 N. W. 198. Primock v. Goldenberg, 161 Minn. 160, 200 N. W. 920, 37 A. L. R. 484, involved a collision between two automobiles at a street intersection. Plaintiff saw the defendant, who had the right of way, approaching on his right and knew that if both proceeded at the same speed there would be a collision. But he was held not guilty of contributory negligence as matter of law because he was in the intersection first and had the right to assume that defendant would slow down. Defendant's statutory right of way was held not to relieve him from the duty to use due care to avoid injury to himself and others.

The argument for plaintiff fails because of its overstress on his statutory right of way. That right is not absolute and did not relieve him from the duty to exercise due care for his own safety. As matter of law, it appears from the record that he did not and that his failure to do so was a proximate and concurring cause of his injury.

The judgment is reversed.

