GRACE AND JOHN BLOM v. W. N. WILSON.[1]

February 21, 1941.

Nos. 32,614, 32,615.

*Moonan & Moonan,* for appellant.
*Baudler & Baudler,* for respondents.

PETERSON, JUSTICE.

Plaintiff Grace Blom, while driving the automobile of her father, the plaintiff John Blom, had a collision with defendant's car on July 4, 1939. She sues to recover damages for resulting personal injuries. Her father sues to recover damages caused to his automobile.

Grace Blom was driving easterly on highway No. 16, a through highway, at a point about five miles east of the city of Austin.

[1]Reported in 296 N. W. 502.

At that point highway No. 16 is joined by highway No. 56 from the north. No. 16 has concrete pavement, and No. 56 has a black-top surface. In making the junction, No. 56 divides into two forks, each having two lanes of traffic, one to the east and one to the west. The distance between the points where the two forks join No. 16 is approximately 200 feet. No. 16 at that point is zoned for a speed of not to exceed 60 miles per hour in daylight. Where each fork of No. 56 enters No. 16 there is a stop sign.

As Grace approached the junction, she noticed defendant's car and another automobile approaching from the north. The first car took the fork to the west and proceeded westerly on No. 16. Defendant took the fork to the east with the intention of proceeding easterly. He stopped at a point about four or five feet from the pavement. At the time Grace saw him make this stop she claims that she was about 200 feet away; defendant claims that she was about 260 or 280 feet away. She claims that she was then going about 45 miles per hour and that when she reached a point about 160 feet from where defendant stopped she noticed that he had started his car and was proceeding into No. 16. She honked her horn, but he kept on going. Defendant admits that he heard the horn. The evidence supported a finding that if Grace had merely tried to stop she would have had a collision with defendant's car in the rear. To avoid a collision, she swung her car to the right with her right wheels on the shoulder, which was hard and firm at that place. After she had passed defendant, he kept going forward on No. 16 notwithstanding the fact that Grace was trying to get her car back onto the pavement. She took her foot off the gas throttle as she passed defendant. After she had passed him, the right wheels of her car went over a spill-way which projected from the pavement across the shoulder to the side of the road. Hitting the spillway rendered her car some-what unmanageable, but she succeeded in getting it onto the pavement. Then it went off, and she succeeded in getting it onto the pavement again. In getting it back onto the pavement, the rear right tire was pulled off. She applied her brakes and the

car swerved to the left and then turned over twice. She had traveled about 400 feet from the place where defendant entered the pavement to the point where her car came to rest.

Plaintiffs claimed that defendant was negligent in not yielding the right of way as required by 3 Mason Minn. St. 1940 Supp. § 2720-198(b). Defendant claims that he was not negligent and that the contributory negligence of Grace appears as a matter of law.

■ Section 2720-198(b) provides: "The driver of a vehicle shall likewise stop in obedience to a stop sign as required herein at an intersection where a stop sign is erected at one or more entrances thereto altho not a part of a thru highway and shall proceed cautiously, yielding to vehicles not so obliged to stop which are within the intersection or approaching so closely as to constitute an immediate hazard, but may then proceed."

The court below gave an instruction which embodied the rule prescribed by the statute. The defendant came to a full stop. This in itself was an invitation to the plaintiff Grace Blom to proceed. The defendant testified that he thought that he looked before he entered the pavement to see if any cars were coming and that his recollection was that he saw none. The fact is, however, that Grace was in plain view whether she was 200 feet away from him or 260 to 280 feet away, as he claimed. It would have taken her but three or four seconds to go from where she claims she saw him to the intersection with the east fork. When defendant started to drive onto the pavement she was only about 160 feet away from him. It was impossible for her to stop without a rear-end collision if she stayed on the pavement. In that situation, the evidence supported a finding that plaintiff was approaching so closely on No. 16, the through highway, as to constitute an immediate hazard to defendant, and that he was negligent in proceeding onto the highway under the circumstances. Fickling v. Nassif, 208 Minn. 538, 294 N. W. 848; Norling v. Stempf, 208 Minn. 143, 293 N. W. 250; Pearson v. Norell, 198 Minn. 303, 269 N. W. 643; Kunkel v. Paulson, 197 Minn. 107, 266 N. W. 441.

■ The conduct of the plaintiff Grace is not to be judged after the event solely by the result. A person is not to be deemed guilty of contributory negligence when in the face of sudden danger or emergency he does not exercise the wisest judgment. One faced with an emergency is bound to exercise only that caution and judgment which could be reasonably expected from an ordinarily prudent person under the circumstances. Contributory negligence was a fact question for the jury under the evidence. Smith v. Carlson, 209 Minn. 268, 296 N. W. 132.

Our conclusion is that the questions of negligence and contributory negligence presented fact issues and that the evidence supports the verdicts.

Affirmed.

MR. CHIEF JUSTICE GALLAGHER took no part in the consideration or decision of this case.