## CLARENCE SCHULTZ v. EDWARD M. ROSNER.[1]

February 28, 1941.

No. 32,681.

*Clifford W. Gardner* and *John Edmund Burke,* for appellant.
*Freeman & King,* for respondent.

PETERSON, JUSTICE.

Plaintiff appeals from an order denying his alternative motion for judgment notwithstanding the verdict or a new trial.

Shortly after midnight on January 13, 1940, plaintiff was injured while riding as a guest passenger in defendant's automobile while the parties were driving out the Rice street road from the city of St. Paul en route to a tavern to get some chicken. The highway was paved. There were patches of ice here and there on the pavement, some of which were over 100 feet in length. The weather was cold. The atmosphere was clear except for occasional snow flurries, which did not interfere very much with vision but did make it difficult to see the ice patches. After the parties had

[1]Reported in 296 N. W. 532.

proceeded about three and one-half miles from the city limits the accident occurred.

Defendant was driving between 30 and 35 miles per hour. Plaintiff testified that he warned defendant to slacken his speed. While defendant did not admit that he heard the warning, he testified that he was aware of the dangers incident to driving under the conditions described. Just before he came upon a patch of ice about 100 feet long, there was a snow flurry ahead. After he drove onto the patch of ice the back end of the car commenced to skid sideways. He tried to straighten the car and applied the brakes lightly. This made the car skid all the more. After he had straightened the car it skidded again and went across the left side of the road onto the left shoulder, where it proceeded for about a quarter of a city block and collided with a telephone pole.

The only claim of negligence at the trial was that defendant drove his automobile at a speed greater than was reasonable and prudent under the circumstances existing at the time. The verdict was in favor of the defendant. Plaintiff contends that negligence appears as a matter of law.

3 Mason Minn. St. 1940 Supp. § 2720-178(a), provides that no person shall drive a motor vehicle at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing. *Id.* § 2720-291(b), provides that a violation of the act shall not be negligence *per se* but shall be *prima facie* evidence of negligence. The statute imposes on the driver of an automobile the duty of exercising due care in the light of existing driving conditions and actual and potential hazards. The evidence shows that defendant knew the existing driving conditions and appreciated the risks and hazards incident thereto. The speed here was not excessive unless it was greater than was reasonable and prudent under the conditions because of actual and potential hazards due to the patches of ice on the pavement and the occasional snow flurries. The parties had driven safely over numerous such patches of ice during the three and one-half miles and more prior to the accident. In determining

whether or not defendant was negligent in driving at the speed mentioned, all the factors affecting his driving, such as the icy condition of the road, the snow flurries, the care exercised by him in handling the car before and after the skidding, and the application of the brakes, were to be considered, and they presented a fact issue to be decided by the jury. The evidence permitted, but did not compel a finding either way. McKeown v. Argetsinger, 202 Minn. 595, 279 N. W. 402, 116 A. L. R. 398; Fryklind v. Jackson, 190 Minn. 356, 252 N. W. 232; Fox v. Minneapolis St. Ry. Co. 190 Minn. 343, 251 N. W. 916.

The case of Wenger v. Velie, 205 Minn. 558, 286 N. W. 885, does not sustain plaintiff's contention that he was entitled to a directed verdict. In that case the defendant drove his car over a side road up- and downhill at a speed of from 35 to 40 miles per hour. The plaintiff had warned defendant that there were many sharp turns and that the road was tricky. Notwithstanding the fact that the plaintiff had fallen asleep and defendant could not see over the crest of some of the hills over which he had to pass and did not know where the curves were, he proceeded along at the speed mentioned and was not able to negotiate one of the short, tricky curves, with the result that he had the accident which caused plaintiff's injury. We think the fact situation distinguishes that case from the instant one.

The evidence presented a fact issue only. Plaintiff was not entitled to judgment or a new trial.

Affirmed.