# YIEN TSIANG v. MINNEAPOLIS STREET RAILWAY COMPANY.[1]

June 26, 1942.

No. 33,193.

*Levine & Levine,* for appellant.

*Ralph T. Boardman, John F. Dulebohn* and *Lawrence O. Larson,* for respondent.

PETERSON, JUSTICE.

Plaintiff sues to recover $150.10 property damage to his automobile caused by a collision with one of defendant's streetcars. The collision occurred on the night of June 7, 1941, on University avenue at the intersection of Arthur street in Minneapolis. University avenue is a "thru" street. Plaintiff drove north on Arthur street to University avenue, where it ends. There he stopped, and then, very definitely cutting the corner, he negotiated a left turn into University avenue.

[1]Reported in 4 N. W. (2d) 630.

The evidence is in hopeless conflict, and much of it is almost impossible to understand. It tends to show that when plaintiff stopped at the intersection before making the left turn he saw the streetcar about 500 feet to his right standing at an intersection. University avenue is very wide. Plaintiff started slowly, turning to his left without looking to his right again. As he was driving westerly toward the center of the street south of the westbound tracks, he saw in his rear-view mirror that the streetcar was bearing down on him. He then swung to his left to avoid a collision, but without success. The left-hand front corner of the streetcar hit plaintiff's automobile on the right side just behind the front fender. Plaintiff was going about 15 miles per hour. There is some dispute as to the speed of the streetcar. In any view, it was operated at a much higher rate of speed than plaintiff's automobile, because it overtook him very quickly. The headlights of both the streetcar and the automobile were on. Although there was some rain or mist, it did not interfere with visibility to any substantial extent. There were no distracting circumstances.

The court granted defendant's motion for a directed verdict upon the ground that plaintiff was guilty of contributory negligence as a matter of law. Plaintiff appeals.

The driver of a motor vehicle after stopping at a "thru" highway is required upon entering the same to "proceed cautiously, yielding to vehicles not so obliged to stop which are within the intersection or approaching so closely as to constitute an immediate hazard, but may then proceed." Mason St. 1940 Supp. § 2720-198(b). In the instant case there is no dispute that plaintiff stopped before entering University avenue, a "thru" highway; but there is conflict in the evidence as to whether or not the streetcar was approaching so closely as to constitute an immediate hazard. According to plaintiff's testimony it was not, because it was then about 500 feet away. If plaintiff lawfully entered the intersection first, he was entitled to the right of way under *Id.* § 2720-196(a). The rules as to right of way apply to streetcars as well

as automobiles, *Id.* § 2720-155(e). A motorist entering an intersection first has the right of way and may assume, until and unless he becomes aware of the contrary, that the driver of an approaching vehicle not so close as to constitute an immediate hazard will exercise ordinary care. He has the right to assume that the oncoming vehicle will be so operated as to permit him to proceed safely. Montague v. Loose-Wiles Biscuit Co. 194 Minn. 546, 261 N. W. 188. In the instant case, if the streetcar had slowed down and permitted plaintiff to complete his turn, as the evidence shows he was justified in expecting, the collision would have been avoided. It is plain that plaintiff did not realize that he was in a position of peril until it was too late to avoid the collision. Where, as here, the parties are so situated that a collision will occur only if the defendant fails to exercise the ordinary care which might reasonably be expected of him under the circumstances, plaintiff's contributory negligence is a fact question for the jury. Mahowald v. Beckrich, 212 Minn. 78, 2 N. W. (2d) 569; Neubarth v. Fink, 210 Minn. 55, 297 N. W. 171; Blom v. Wilson, 209 Minn. 419, 296 N. W. 502; Timmerman v. March, 199 Minn. 376, 271 N. W. 697.

Plaintiff was not guilty of contributory negligence as a matter of law because he did not make more than one observation to determine whether it was safe for him to proceed. "Due care is not determined by the number of times the driver looked, nor by how often, or when, or from where." Kraus v. Saffert, 208 Minn. 220, 293 N. W. 253, 255. The trier of fact may consider such matters in passing on the fact questions involved.

Defendant urges that plaintiff is guilty of contributory negligence as a matter of law because he cut the corner in making the left turn. The highway traffic regulation act provides that a violation thereof shall "not be negligence per se but shall be *prima facie* evidence of negligence only." Mason St. 1940 Supp. § 2720-291(b). The statute plainly makes the question of contributory negligence for a violation thereof not one of law for the court, but

one of fact for the jury.  Fickling v. Nassif, 208 Minn. 538, 294 N. W. 848; Schultz v. Rosner, 209 Minn. 462, 296 N. W. 532.

It was error to direct the verdict.

Reversed and new trial granted.

MR. JUSTICE STONE, absent because of illness, took no part in the consideration or decision of this case.