### D. M. JACKSON v. R. H. BROWNING AND CLARENCE TAPER.

(Filed 1 March, 1944.)

**1. Trial §§ 22a, 22c: Automobiles §§ 18a, 18c—**

Upon a motion for judgment as of nonsuit, G. S., 1-183, the whole evidence must be taken in the light most favorable for plaintiff and the motion disallowed if there is any reasonable inference of defendant's proximately causative negligence, unless, in plaintiff's own evidence, there is such a clear inference of contributory negligence that reasonable minds could not come to a contrary conclusion.

**2. Automobiles §§ 9a, 11—**

"Right of way" is not an absolute right. It is only relative. Nevertheless, as a rule of the road or of law, it is a practical protection of the highest value, when considering the mutual obligations and duties of persons confronted with a common danger on the highway, bearing on the questions of negligence and the rule of the prudent man.

**3. Automobiles § 18g: Trial § 22b—**

In an action to recover damages for the alleged negligent collision of two automobiles, where the evidence tends to show that plaintiff, going south and defendant, going north on the same road, met and collided where another car had been abandoned, parked on the east side of the road and in plain view of both drivers, who could also see each other for some distance as they approached, the plaintiff having the right of way and in the absence of timely notice that the other driver intended to turn to the left, there was error in sustaining a motion as of nonsuit at the close of plaintiff's evidence.

APPEAL by plaintiff from *Thompson, J.,* at November Term, 1943, of PERQUIMANS.

The plaintiff sued to recover damages for injury to a truck, or motor vehicle, and its cargo, allegedly caused by the negligence of the defendant. The defendant denied negligence on the part of his employee, the driver, pleaded contributory negligence imputable to plaintiff, and set up a cross action for damage to his own truck through plaintiff's negligence; but, upon dismissal of plaintiff's action, offered no testimony.

The evidence tends to show that both plaintiff and defendant were operating trucks in connection with wholesale businesses conducted by them, that of plaintiff being driven by his employee, J. T. Lane, and that of defendant Browning being driven by his employee—codefendant here—Clarence Taper. On the day of the collision plaintiff's truck, laden with merchandise, was proceeding south from Hertford toward Edenton, driven by said Lane, and defendant's truck was proceeding north on the same highway from Edenton to Hertford. About two miles south of Hertford, an automobile had been left parked on the eastern side of the hard surfaced portion of the highway, causing an obstruction in the lane of travel for cars going north. In other words, the car was parked directly in the path of the defendant's truck going north, and the other side of the highway, or right-hand side of plaintiff's driver, was clear of any obstruction. Both trucks appear to have reached the obstruction, or its vicinity, at approximately the same time.

H. C. Stokes testified that the accident occurred near his place of business about two miles south of Hertford, and that he was an eye-witness. Preceding the collision between the Jackson and Browning trucks, owing to another accident, the occupants of a car had gotten out, leaving the car parked upon the hard surface in the lane of travel of cars going north. The Browning truck, in endeavoring to pass this obstruction, turned to the left and met the Jackson truck going south. Jackson's truck was over on its right-hand side as far as it could get—the shoulder was wide enough for a car—and it looked like he was off the hard surface—had gone into the ditch. After the impact the Jackson truck

ran clear across the highway and into a field on the left, about 150 feet, into a telephone pole. Witness would not say the Browning truck had "practically gotten back on its side of the highway before the impact. My best recollection is that they hit when they were right opposite the car that was parked, but I don't know."

J. T. Lane, driver of the plaintiff's truck, testified that it had been raining that morning, and that he was driving almost 35 miles per hour and had the car under control. When he got up to the curve "this colored fellow was parked there on the road" and as witness started to pass, the Browning truck cut out and hit his car "just about as we were off against each other." Witness had gotten his car practically off on his side. The collision caused the load to fall in the front of the car so that witness could not get his foot on the brake. After the car had crossed the road and gone into a field and hit a telephone pole, it stopped. Witness, not being able to apply the brakes, had cut the switch.

On cross-examination the witness stated he saw the Browning car approaching, but made no effort to stop, stating that he had the right of way, was on the right-hand side of the road, and saw no reason to stop.

He testified that when the Browning car cut out around the obstruction, he attempted to avoid a collision by getting off the road to the right and was practically clear of the hard surface; that to have applied the brakes at that time would probably have turned his truck over.

Upon conclusion of the plaintiff's evidence, the defendant demurred to the evidence and moved for judgment as of nonsuit under the statute, G. S., 1-183 (C. S., 567). The motion was sustained, and the plaintiff appealed.

*Whedbee & Whedbee for plaintiff, appellant.*
*W. L. Whitley and C. R. Holmes for defendants, appellees.*

SEAWELL, J. The appeal presents the two frequently recurring questions: (1) Upon the whole evidence, taken in its most favorable light for the plaintiff, is there any reasonable inference of defendant's proximately causative negligence? G. S., 1-183 (C. S., 567), and annotations; *Lincoln v. R. R., infra.* (2) Is there, in plaintiff's own evidence, such a clear inference of contributory negligence that reasonable minds could not come to a contrary conclusion? *Lincoln v. R. R.,* 207 N. C., 787, 178 S. E., 601; *Mulford v. Hotel Co.,* 213 N. C., 603, 197 S. E., 169; *Pearson v. Stores Corp.,* 219 N. C., 717, 721, 14 S. E. (2d), 811.

The evidence does not require extensive analysis for the purpose of this decision.

As to the alleged negligence of the driver of the Browning truck, it is open to the inference, of whatever potency the jury alone may say, that

Taper, the driver of that truck, aware both of the obstruction in his own path and the approach of the Jackson truck, miscalculated both time and distance in his attempt to pass the car parked in his line of travel, took a chance inconsistent with the exercise of reasonable prudence under the existing conditions, and lost the wager.  The obstruction was in his own line of travel, and while he undoubtedly had the right to use the unobstructed part of the highway for the purpose of passing it, he could do so only while in the exercise of due care respecting oncoming traffic in the other line, which, nothing else appearing, would have the right of way; or, in other words, both in the timing and manner of executing the movement, he must observe the rule of the prudent man so as reasonably to avoid injury to the southbound truck or its occupants.  Under the evidence, whether he did so was a question for the jury.

As to the contributory negligence of the driver of the Jackson truck, while the evidence is to the effect that the driver of either truck might have seen the other truck at a considerable distance either way, there is no evidence that Lane observed, or had any reason to observe, anything connected with the Browning truck that would have put him on notice that the latter intended to try the hazardous operation of passing the parked car first, and would in doing so cut out and into the traffic lane occupied by the Jackson truck.  We are not advised—neither was the court below informed—what was the exact relative distances the trucks were from the obstruction when the driver of the Browning truck turned to his left into the lane of the Jackson truck.  This might make some difference. But the want of information cannot be replaced by assumption to the disadvantage of the plaintiff on such an issue.  As the evidence stands, there is a permissible inference that the turn was made at a somewhat more critical stage of the transaction—in close proximity to the obstruction and the oncoming truck, thus greatly restricting the range of opportunity on the part of the driver of the Jackson truck, and rendering more or less academic many of the "musts" which might otherwise apply.

"Right-of-way" is not an absolute right.  It is only relative.  It loses its potency as a defense in the face of a superior obligation of duty which not infrequently arises with respect to the use of a part of a highway ordinarily assigned to particular traffic, when its use must be qualified by reasonable prudence in order to avoid injury to other travelers or other persons, and even to oneself.  Sometimes stubborn adherence to the supposed right would ill accord with the conduct of a prudent man. Nevertheless, as a rule of the road, or as a rule of the law, it is a practical protection of the highest value to those using the highway; and when we come to consider the mutual obligations and duties of persons confronted with a common danger on the highway, stemming out of their immediate conduct or the conduct of one of them, "right-of-way" is a

substantial consideration and has an important legal bearing upon the question of negligence—particularly the question of when and under what circumstances the rule of the prudent man dictates that one in possession of such right should take notice that his right of way is challenged or his side of the road is about to be made use of by another and the common use attended with peril. The case at bar is full of these potentialities; but the evidence does not clearly indicate the extent of the notice given to the driver of the Jackson truck of the intention to use his lane of travel, nor does it induce a clear and unequivocal impression of his contributory negligence as a matter of law.

On this record, we think the evidence should have been submitted to the jury.

The judgment to the contrary is

· Reversed.