ELEANOR LeVASSEUR v. MINNEAPOLIS STREET
RAILWAY COMPANY.[1]

February 1, 1946.

No. 34,112.

---

[1] Reported in 21 N. W. (2d) 522.

*Coursolle, Preus & Maag* and *Oscar G. Haugland,* for appellant.
*Ralph T. Boardman* and *John F. Dulebohn,* for respondent.

MATSON, JUSTICE.

Appeal from an order denying plaintiff's motion to vacate a directed verdict for defendant and grant a new trial.

In Minneapolis, on the afternoon of November 25, 1944, defendant's northbound streetcar (hereinafter called car No. 1) stopped on the near side of the intersection of Fourth avenue south and Seventh street to permit plaintiff, a passenger, to alight therefrom. Following on the same track was another northbound streetcar (hereinafter called car No. 2), which stopped ten feet to the rear of car No. 1. Plaintiff left car No. 1 by the rear exit, and, instead of proceeding directly to the nearest curb to the right of said streetcar, she walked around the back end of the car, at a distance of about two feet from said car, for the purpose of proceeding straight across the street to the curb and sidewalk on the farther side. In other words, plaintiff sought to cross the street at right angles at a point about one car length south of the regular intersection cross-

walk. As she stepped from behind car No. 1 (which had then just started forward) and reached a point midway between the two sets of tracks, she was suddenly confronted, at a distance of only eight or ten feet away, with a third streetcar (hereinafter called car No. 3) passing car No. 1 and bearing down upon her from the opposite direction. Instantly, to avoid being hit by car No. 3, plaintiff, without looking to the rear, stepped directly backward, and, as a result, a collision occurred between her and car No. 2, which in the meantime had started forward. She was thrown against car No. 3, with the result that she fell between the two sets of tracks and was lying between car No. 2 and car No. 3 after these cars had come to a full stop, side by side, with car No. 3 south of the rear of car No. 2 for about a quarter of its length. After coming to a stop, these cars were so close together that plaintiff could not have stood up if she had been able to do so; in fact, it was necessary for her rescuer to crawl on hands and knees between the two sets of tracks, below the level of the respective streetcar bodies, to reach plaintiff, who was lying approximately as far back as the front wheels of car No. 2. The location of both streetcars when stopped, with respect to the spot where plaintiff was thrown to the ground between the two sets of rails, indicates that both cars traveled only a short distance after the accident. Both plaintiff and a woman who was waiting for car No. 2 testified that they did not, prior to the accident, hear any warning signal by way of a streetcar gong or whistle.

At the close of plaintiff's case, defendant rested provisionally and moved for a directed verdict. This motion was granted on the grounds (1) that plaintiff had failed to prove any negligence on the part of defendant, and (2) that plaintiff as a matter of law was guilty of contributory negligence.

■ Section 169.03 (§ 2720-155[e]) of the highway traffic regulation act provides:

"*Street cars* and trackless trolley cars, except where otherwise specifically provided, *shall be governed by the same rules and regulations as provided in this chapter for vehicles* and motor vehicles,

only *in so far as such regulations apply to* speed, stopping at through streets and railroad tracks, and obeying signals of traffic-control devices and *rights of way,* * * *." (Italics supplied.)

Section 169.24 (§ 2720-209) governs in determining the rights of way as between vehicles and pedestrians who are boarding or leaving a streetcar, and, by virtue of § 169.03 (§ 2720-155[e]), applies to the operation and control of a streetcar approaching another streetcar stopped, or about to stop, for the purpose of receiving or discharging any passenger. See, Yien Tsiang v. Minneapolis St. Ry. Co. 213 Minn. 21, 4 N. W. (2d) 630. The pertinent portions of § 169.24 (§ 2720-209) reads:

"**To stop ten feet from street cars.** The driver of a vehicle overtaking upon the right any street car stopped or about to stop for the purpose of receiving or discharging any passenger shall stop such vehicle *at least ten feet to the rear of the nearest running-board or door of such street car* and thereupon *remain standing until all passengers have boarded such car or upon alighting have reached a place of safety,* * * *. The pedestrian going to and from a street car shall have the right of way over all vehicles and motor vehicles."* (Italics supplied.)

■ Plaintiff seeks to predicate the negligence of defendant in part on the ground that streetcar No. 2 approached to within ten feet of streetcar No. 1, in violation of a Minneapolis ordinance (Charter and Ordinances of Minneapolis [1872-1925] § 16[3], p. 1330), providing that streetcars "driven in the same direction shall not approach each other nearer than a distance of two hundred feet." This ordinance was enacted in 1875 and subsequently amended up to and including 1888. The highway traffic regulation act, subsequently enacted by the legislature and which purports to be a general and systematic revision of all traffic laws, in the interest of attaining uniformity, is irreconcilable with § 16(3) of said ordinance pertaining to the same classification of subject matter, and obviously constitutes a repeal thereof, pursuant to § 645.39 (Mason St. 1941 Supp. § 10933-40). See, § 169.96 (§ 2720-291[a]).

■ Obviously, § 169.24 (§ 2720-209), in requiring vehicles to stop "at least ten feet to the rear of the nearest running board or door of such street car," creates a restricted right-of-way area to the rear of the car and between the car door or gates and the nearest curb, for the benefit of pedestrians "going to and from a street car" to afford them a reasonable opportunity to reach a place of safety. Frequently the nearest and most practical route to a regular crosswalk is to the rear of the car. If, instead of proceeding to the nearest safety isle, curb, or regular crosswalk, the pedestrian who has alighted from a streetcar chooses to pass from this right-of-way area out into the open street, where no regular or marked crosswalk is established, or into the street at a point between adjacent intersections controlled by traffic signals, such pedestrian loses his right of way upon leaving such area and thenceforth must yield the right of way to all vehicles. § 169.21, subd. 3 (§ 2720-204).

■ Defendant, in seeking to establish contributory negligence as a matter of law, asserts that plaintiff blocked the right of way of streetcar No. 2 by crossing the track in front of it when she passed to the rear of car No. 1, from which she had just alighted. It should be noted that, as to car No. 2, she had the right of way in that she was still within the right-of-way area established for her benefit as a passenger alighting from car No. 1. She did not, however, have the right of way when she passed out of this area into the path of car No. 3 coming from the opposite direction. The right of way, however, granted by the statute to pedestrians and vehicles, as the case may be, is not an absolute right in the sense that the possessor thereof is released from the duty of exercising due care for his own safety and due care for the safety of others. In the first place, it confers upon the possessor only "the privilege of the immediate use of highway." § 169.01, subd. 45 (§ 2720-151, subd. 44). "Right of way" merely means a preference to one of two vehicles (or as between a vehicle and a pedestrian) asserting right of passage at the same place and at approximately the same time. 37 Wd. & Phr. (Perm. ed.) p. 673. It is a relative right,

that "loses its potency as a defense in the face of a superior obligation of duty which not infrequently arises with respect to the use of a part of a highway ordinarily assigned to particular traffic, when its use must be qualified by reasonable prudence in order to avoid injury to other travelers or other persons, and even to oneself."[3]

Section 169.21, subd. 3 (§ 2720-204), governing the right of way as between pedestrians and vehicles, recognizes the relative nature of the right by providing:

"Notwithstanding the provisions of this section every driver of a vehicle shall exercise due care to avoid colliding with any pedestrian upon any roadway and give warning by sounding the horn when necessary and exercise proper precaution upon observing any child or any confused or incapacitated person upon a roadway."

■ Clearly, the failure of either party to yield the right of way did not constitute negligence, or contributory negligence, as a matter of law. Likewise, the attempt of plaintiff to cross the street at a place other than a regular crosswalk did not constitute negligence *per se*. It is specifically provided by the highway traffic regulation act that a violation thereof shall "not be negligence per se but shall be prima facie evidence of negligence only." § 169.96 (§ 2720-291[b]). The question of negligence, or of contributory negligence, for a violation of the statute is not one of law for the court, but a question of fact for the jury.[4]

---

[3]Jackson v. Browning, 224 N. C. 75, 29 S. E. (2d) 21, 23; Murray v. Jacobson, 195 Minn. 153, 262 N. W. 152; Naylor v. McDonald, 185 Minn. 518, 241 N. W. 674; Heikkinen v. Cashen, 183 Minn. 146, 235 N. W. 879; Saunders v. Yellow Cab Corp. 182 Minn. 62, 233 N. W. 599.

[4]Yien Tsiang v. Minneapolis St. Ry. Co. 213 Minn. 21, 4 N. W. (2d) 630; Deach v. St. Paul City Ry. Co. 215 Minn. 171, 9 N. W. (2d) 735; Fickling v. Nassif, 208 Minn. 538, 294 N. W. 848; Schultz v. Rosner, 209 Minn. 462, 296 N. W. 532. But see, Wojtowicz v. Belden, 211 Minn. 461, 1 N. W. (2d) 409, where verdict was justifiably directed on prima facie case in absence of opposing evidence.

■ We have heretofore pointed out that under the statute a pedestrian is not necessarily negligent in crossing the street at a place other than a regular intersection.[5]

In Naylor v. McDonald, 185 Minn. 518, 521, 241 N. W. 674, 676, we held:

"* * * The statute does not prohibit pedestrians from being upon or crossing streets at places other than on cross-walks. But a pedestrian so upon the street must exercise due care and yield the right of way to automobiles lawfully approaching him on the street. That does not absolve the driver of such an automobile from the duty of exercising due care to prevent injury to persons on the street at all times and places. The driver of an automobile cannot justify running into or over a pedestrian on the street by merely showing that the accident occurred at a place where he had the right of way."

■ As already indicated, the highway traffic regulation act, in determining the right of way as between pedestrians and vehicles, applies also to streetcars. § 169.03 (§ 2720-155[e]); Deach v. St. Paul City Ry. Co. 215 Minn. 171, 9 N. W. (2d) 735; Yien Tsiang v. Minneapolis St. Ry. Co. 213 Minn. 21, 4 N. W. (2d) 630.

■ In coming to a direct consideration of the evidence disclosed by the record, it is elementary that a motion for a directed verdict, whether based on want of negligence of the defendant or on the contributory negligence of the plaintiff, admits, for the purpose of the motion, the credibility of the evidence for the adverse party and all reasonable inferences to be drawn therefrom, and such motion should be denied unless the want of negligence or the presence of contributory negligence, taking the most favorable view thereof for the plaintiff, is so clear and conclusive as to preclude an honest difference of opinion among reasonable men.[6]

[5]Deach v. St. Paul City Ry. Co. 215 Minn. 171, 9 N. W. (2d) 735; Naylor v. McDonald, 185 Minn. 518, 241 N. W. 674; Heikkinen v. Cashen, 183 Minn. 146, 235 N. W. 879; Saunders v. Yellow Cab Corp. 182 Minn. 62, 233 N. W. 599.

[6]Bayerkohler v. Clara City Farmers Elev. Co. 189 Minn. 22, 248 N. W.

We cannot, on the record herein, say that defendant as a matter of law was free from negligence. Obviously, it was a question of fact whether car No. 2 was started prematurely, at too great a speed, and without proper control, under the circumstances. Plaintiff was directly in front of it, in plain sight, and only a few feet away. At no time, according to the testimony, did plaintiff reach a point farther than midway between the tracks. The two sets of tracks were so close together that when both car No. 2 and car No. 3 stopped, after the accident, there was insufficient room for a person to pass between them. Under these circumstances, could not a jury reasonably infer· that plaintiff, even without taking a step backward, was not in the clear at any time as to car No. 2, and that this obvious fact was negligently overlooked or ignored by the motorman? Should not the motorman have seen car No. 3´ approaching from the opposite direction, thus indicating to him that plaintiff would be in a position of dire, peril if his car moved forward? There was also testimony by plaintiff and a woman waiting for car No. 2 that no streetcar gong, whistle, or signal was heard before the accident, and from this testimony the jury could reasonably infer that the motorman of car No. 3 was negligent in failing to give a signal of warning to any passenger alighting from car No. 1 who might choose to cross the street at the point where plaintiff attempted to cross. As already indicated, the possessor of the right of way is not absolved from the duty of using due care for the safety of others. The effect of a violation ·of the right of way by either party was a jury question.

■ Likewise, the contention that plaintiff was negligent as a matter of law cannot be sustained. Whether she was negligent in the exercise of her right-of-way privilege in selecting the route which she did in leaving the streetcar from which she had alighted

294; Klare v. Peterson, 161 Minn. 16, 200 N. W. 817; Stritzke v. C. G. W. R. Co. 190 Minn. 323, 251 N. W. 532; Solberg v. Minneapolis St. Ry. Co. 214 Minn. 274, 7 N. W. (2d) 926; Ranum v. Swenson, 220 Minn. 170, 19 N. W. (2d) 327; 4 Dunnell, Dig. & Supp. §§ 7033, 7048; 6 Dunnell, Dig. & Supp. § 9764.

was a question of fact. Similarly, it was a question of fact whether she was reasonably justified under all the circumstances in attempting to cross the street by going behind car No. 1, where no regular crosswalk existed. Assuming that car No. 3 gave no warning signal, can it be said that plaintiff should have known that a car was rapidly approaching from the opposite direction? Was her vision obscured by car No. 1 so that she was in no position to see or apprehend any danger until she had reached the point midway between the tracks? Did she fail to act in a reasonable manner when she was suddenly confronted by car No. 3 only a few feet away? Faced with a sudden emergency when she was confronted with the car coming from the opposite direction, can it be said that she did not act as a reasonable person in stepping backward? Under the circumstances, should she reasonably have anticipated that car No. 2 would be on its way before she was in the clear? What else could she do? She was not equipped with a helicopter for vertical ascent to the safer regions above. Can it be said that she was negligent in stepping into a trap of her own making? All these were questions of fact as to which reasonable men could come to different conclusions, and these questions should have been determined by the jury, and not by the court as a matter of law. It is impossible to lay down precise rules by which we may measure all acts of alleged contributory negligence. Some cases must of necessity stand or fall on their own facts. What one does or fails to do as relates to the circumstances under which he acts is the test to be applied.

Plaintiff frankly testified that she did not look to the rear before stepping backward. Her failure to look does not establish negligence *per se*. The two sets of tracks were so close together that, had plaintiff remained standing midway between the tracks, without stepping backward, she would, nevertheless, have been struck by both cars for want of sufficient clearance. It cannot be said that either her act of stepping backward or her failure to look before so doing contributed anything to the accident. Contributory negli-

gence involves two essential elements, namely, want of ordinary care plus causal connection. 4 Dunnell, Dig. & Supp. § 7015.

"* * * Regardless of how negligent plaintiff might have been, if his actions did not contribute to or were not a material element in the happening of the accident here involved, the defense of contributory negligence is not effective as against him." Guile v. Greenberg, 192 Minn. 548, 551, 257 N. W. 649, 650.[7]

The order denying a new trial is reversed.

Reversed.

---

[7] See, Ranum v. Swenson, 220 Minn. 170, 19 N. W. (2d) 327; Gillson v. Osborne, 220 Minn. 122, 19 N. W. (2d) 1; Restatement, Torts, § 463; 38 Am. Jur., Negligence, § 213.

